| | |
|---|---|
| **From:** | John Reichmeier |
| **To:** | Jackson H |
| **Subject:** | Re: Loan Agreement |
| **Date:** | Monday, February 19, 2018 9:28:11 AM |
| **Attachments:** | Loan Agreement JH.pdf |

Hey Man,

Attached is the loan agreement. Sorry for the delay I just got access to a printer/scanner.

-John

On Thu, Feb 15, 2018 at 12:17 PM, Jackson H <jackson@revibeinc.com> wrote:
> Please sign both pages. I dated it Jan 18th for my tax trust.

# EXHIBIT 7

## Loan Agreement

THIS LOAN AGREEMENT, dated as of the 18th day of Jan., 2018, by and between John Reichmeier, a resident of Missouri (the "Borrower"), and Jackson Haney, with an address of 11537 Flint Street, Overland Park, Kansas 66210 (the "Lender"):

WITNESSETH:

WHEREAS, Lender has previously loaned to Borrower Fifty Thousand Dollars ($50,000.00) to be used by Borrower in his activity of investing in cyrptocurrencies and;

WHEREAS, the parties desire for Lender to loan additional amounts to Borrower in the future from time to time to be used by Borrower in his activity of investing in cyrptocurrencies;

WHEREAS, the parties desire to memorialize their loan arrangement as set forth herein;

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. <u>The Loan</u>. Subject to the terms and conditions hereof, the Lender agrees to loan to the Borrower money from time to time in amounts determined by Lender in his sole discretion. The amounts previously loaned by Lender to Borrower, together with the additional amounts to be loaned in the future shall be collectively referred to herein as the "Loan."

2. The parties agree that Borrower will pay Lender interest on the Loan in the amount of ninety-nine percent (99%) of its profit and gains realized from the use of the Loan proceeds in the activity of investing in cyrptocurrencies. This interest shall also accrue on earnings and gains from the reinvestment of the earnings and gains. In the event a net loss is generated from the activity of investing in cyrptocurrencies attributable to the use of the Loan proceeds, no interest shall accrue. However, Borrower shall bear such losses and not Lender. As such, the principal amount of the Loan shall continue to be owed by Borrower to Lender in the event of a net loss from the activity of investing in cyrptocurrencies. The Loan shall be evidenced

1

by a promissory note of the Borrower, substantially in the form of Exhibit A attached hereto and made a part hereof (the "Note.")

3. <u>Payments</u>. The balance of principal and interest accruing hereunder shall be made within 48 hours of demand by Lender. Lender shall have the right to demand all or a portion of the amounts owed hereunder. Borrower shall have the right to pay any portion of the amounts owed hereunder at any time without penalty. All payments by the Borrower shall be made without setoff or counterclaim to the Lender, in lawful money of the United States of America. Each payment made hereunder that is less than the full amount owed hereunder shall be deemed to be a principal payment until all principal is repaid.

4. <u>Use of Proceeds</u>. The Loan is solely for the purpose of financing Borrower's activity of investing in cyrptocurrencies.

5. <u>Conditions Precedent</u>. The obligation of the Lender to make the Loan shall be subject to the fulfillment prior to or contemporaneously with the making of such Loan of the following conditions precedent: (a) this Loan Agreement and the Note shall have been executed and delivered by the respective parties thereto; and (b) all proceedings and all other documents and legal matters in connection with the transactions contemplated by this Loan Agreement and Note shall be satisfactory in form and substance to the Lender and its counsel.

6. <u>Events of Default</u>. Upon the occurrence and during the continuance of any of the following events:

(a) the Borrower shall fail to timely pay any amount demanded on the Note, or any amount owed by Borrower to Lender for any reason or pursuant to any other agreement between them, when due, whether by acceleration or otherwise; or

(b) an Event of Default under any of this Loan Agreement or the Note shall have occurred and be continuing.

7. <u>Notices</u>. Except as otherwise provided herein, all notices, requests and demands to or upon the respective parties hereto to be effective shall be transmitted in writing by email,

2

hand delivery, by first class certified or registered mail, or by overnight courier service, addressed to the Lender or the Borrower, as the case may be, at the address for such person set forth in the first paragraph of this Loan Agreement or at such other address as may be subsequently submitted by written notice of either party. Notice given pursuant to this paragraph shall be deemed effective upon receipt.

8. No Waiver; Remedies Cumulative. No failure to exercise and no delay in exercising on the part of the Lender any right, remedy, power or privilege under this Loan Agreement or the Note, shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege under this Loan Agreement or the Note preclude any other or further exercise thereof; nor shall any single or partial exercise of any right, remedy, power or privilege under this Loan Agreement or Note preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege. The rights, remedies, powers and privileges herein provided are cumulative and shall be in addition to all other remedies of Lender existing at law or in equity and not exclusive of any other rights, remedies, powers and privileges provided by law or in equity or in this Loan Agreement or the Note.

9. Survival. All representations and warranties made under this Loan Agreement or the Note and in any document, instrument or certificate delivered pursuant thereto or in connection therewith shall survive the execution and delivery of this Loan Agreement and the Note.

10. Successors and Assigns. This Loan Agreement and the Note shall be binding upon and inure to the benefit of the Borrower, the Lender and their respective successors and assigns.

11. Counterparts. This Loan Agreement may be executed by one or more of the parties on any number of separate counterparts and all of said counterparts taken together shall be deemed to constitute one and the same instrument.

12. Governing Law. This Loan Agreement and the Note shall be governed by, and construed and interpreted in accordance with, the laws of the State of Kansas.

3

13. <u>Miscellaneous</u>. Section or paragraph headings in this Loan Agreement are for convenience of reference only and do not affect the rights or obligations of any party hereto. In the event that any one or more of the provisions contained in this Loan Agreement or Note shall, for any reason, be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions in this Loan Agreement or Note. This Loan Agreement together with the exhibits hereto, and those portions of the Loan Documents incorporated by reference herein, embody the entire agreement and understanding between the parties hereto and supersede all other agreements and understandings relating to the subject matter hereof.

IN WITNESS WHEREOF, the parties hereto have caused this Loan Agreement to be duly executed and delivered by their duly authorized officers as of the day and year first above written.

Borrower:

_____
John Reichmeier

Lender:

_____
Jackson Haney

4

**Exhibit A**
**PROMISSORY NOTE**

Date: January 18th, 2018

1. The John Reichmeier, a resident of Missouri ("Obligor"), promises to pay to Jackson Haney, a resident of Kansas (referred to herein as "Holder"), his estate, heirs, successors or assigns, in lawful money of the United States of America, the principal amount described in paragraph 2 as the borrowed amount or so much as may be outstanding, together with interest in the amounts described in that certain Loan Agreement executed between them simultaneously herewith.

2. The original principle amount of this loan shall be Fifty Thousand Dollars ($50,000.00). Interest shall accrue in the amount equal to ninety-nine percent (99%) of the net earnings and gains generated by Obligor attributable to the loan proceeds from his activity of investing in cyrptocurrencies. No interest shall accrue if Obligor realizes a net loss from the use of the loan proceeds in such business. In no event shall such net losses reduce or otherwise effect the principal amount owed hereunder. All amounts hereunder shall be due and payable to Holder, Holder's heirs, successors or assigns. Payment shall be made in the form of cash, unless Obligor and Holder agree to a different form of payment.

3. A balloon payment of the entire principal and accumulated interest shall be due within forty-eight (48) hours of demand for payment made by Holder to Obligor.

4. Obligor will be in default if any of the following occurs: (i) Obligor fails to make any payment when due; (ii) Obligor defaults in any promise Obligor has made to Holder in connection with this Note, or Obligor fails to perform promptly at the time and strictly in the manner provided in this Note or any agreement or document related to this Note after fifteen (15) days written notice to cure; (iii) any representation or statement is made or furnished to Holder by Obligor or on Obligor's behalf in connection with this Note is false or misleading in any material respect; and (iv) Obligor becomes insolvent, a receiver is appointed for any part of Obligor's property, Obligor makes an assignment for the benefit of creditors, or any proceeding is commenced either by Obligor or against Obligor under any bankruptcy or insolvency laws.

5. Upon default, Holder at his sole discretion may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, without notice, and then Obligor will pay that amount. This Note has been delivered to Holder and accepted by Holder in the State of Kansas. If there is a lawsuit, Obligor agrees upon Holder's request to submit to the jurisdiction of the courts of the State of Kansas. Holder and Obligor hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Holder or Obligor against the other. This Note shall be governed by and construed in accordance with the laws of the State of Kansas.

6. Holder may delay or forego enforcing any of his rights or remedies under this Note without losing them. Obligor, to the extent allowed by law, waives presentment, demand for payment, protest and notice of dishonor.

5

PRIOR TO SIGNING THIS NOTE, OBLIGOR HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. OBLIGOR AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.

Borrower:                                    Lender:

_____                    _____
John Reichmeier                              Jackson Haney